IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-00870-WYD-KMT

DARRYL DAGEN,

    Plaintiff,

v.

CHAIM B. BOOK, individually and also in his capacity as attorney, and
MOSKOWITZ & BOOK, LLP,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This case involves fraudulent misrepresentation, fraudulent inducement, fraud, negligence, and malpractice claims arising from Defendants' representation of Plaintiff in a lawsuit against Plaintiff's partner and various other companies. This matter is before the court on "Defendant Chaim Book's Motion to Dismiss" for lack of personal jurisdiction, filed June 22, 2007 (Document No. 10). Plaintiff asserts jurisdiction under diversity, 28 U.S.C. § 1332 (2007).

**FACTUAL BACKGROUND**

*1.    Facts*

The following facts are taken from Plaintiff's Complaint and the parties' submissions with respect to this Recommendation. Plaintiff hired Defendants, Chaim Book, an attorney licensed to practice law in the State of New York, and Moskowitz & Book, LLP [hereinafter "MBLLP"], a

law firm located in the State of New York, to represent him in an employment action in the State of New York. (Def. Chaim Book's Mot. to Dismiss [hereinafter "Defs.' Br."], Attach. 1, Decl. of Chaim B. Book [hereinafter "Book Decl."], ¶¶ 2, 5, 8 [filed June 22, 2007].) Plaintiff claims at the time he filed his employment suit he had a Colorado driver's license, owned property in Colorado, was registered to vote in Colorado, and made frequent stays at his property in Avon, Colorado. (Pl. Darryl Dagen's Resp. In Opp'n to Def. Chaim Book's Mot. to Dismiss ¶ 1 [filed September 19, 2007] [hereinafter "Pl.'s Resp."].) Defendants assert all matters involving their representation of Plaintiff in the employment matter were performed in the State of New York. (Defs.' Br., Book Decl. ¶ 5.) Plaintiff agrees with this assertion, but states Defendants knew he was a resident of and domiciled in Colorado, and that he corresponded with Defendants by telephone, fax and email while he was in Colorado. (Pl.'s Resp. ¶ 5.) Plaintiff also avers that Defendants prepared and filed documents related to the employment action in which they heavily asserted Plaintiff's residence and domicile as being in Colorado. (Pl.'s Resp. ¶ 6.) Defendants state their representation of Plaintiff had nothing to do with the State of Colorado and that no correspondence, billings, meetings or work performed by Defendants were transmitted to or from the State of Colorado. (Defs.' Br., Book Decl. ¶¶ 6–7.) Defendants contend all correspondence and billings were sent from their New York office to Plaintiff in Hong Kong and to two different addresses in Pennsylvania, where they assert Plaintiff lived at all times material to the matters alleged. (Defs.' Br., Book Decl. ¶¶ 4, 7.)

*2.     Procedural History*

On April 27, 2007, Plaintiff filed his Complaint. (Complaint [filed April 27, 2007] [hereinafter "Compl."].) On June 22, 2007, Defendant Chaim Book filed a motion to dismiss, arguing the court lacks personal jurisdiction over Defendant. (Defs.' Br.) On September 19, 2007, Plaintiff responded to the motion. (Pl.'s Resp.) On September 24, 2007, Defendant replied in support of his motion. (Def. Chaim Book's Reply in Supp. of Mot. to Dismiss for Lack of Personal Jurisdiction [filed September 24, 2007] [hereinafter "Defs.' Reply"].) Defendants, having received leave of the court, filed a supplemental reply on November 20, 2007. (Def. Chaim Book's Supplemental Rep. in Supp. of Mot. to Dismiss for Lack of Personal Jurisdiction [filed November 20, 2007] [hereinafer "Defs.' Supplemental Reply"].) This matter is fully briefed and ripe for review and recommendation.

**ANALYSIS**

*1.     Legal Standard*

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (Defs.' Br.) Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint "for lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). Plaintiff bears the burden of establishing personal jurisdiction over Defendants. *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). In the preliminary stages of litigation, Plaintiff's burden is light. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Where, as here, there has been no evidentiary hearing, and the motion to dismiss for lack of personal jurisdiction is decided on the basis of

affidavits and other materials, Plaintiff need only make a *prima facie* showing that jurisdiction exists. *Id.*

Plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The allegations in Plaintiff's complaint "'must be taken as true to the extent they are uncontroverted by [Defendants'] affidavits.'" *Wenz*, 55 F.3d at 1505 (*quoting Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992)). If the parties present conflicting affidavits, all factual disputes must be resolved in Plaintiff's favor, and "[P]laintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* (citation omitted). Only well-pled facts, as opposed to mere conclusory allegations, must be accepted as true. *Id.*

To determine whether a federal court has personal jurisdiction over a nonresident defendant in a diversity action, the court looks to the law of the forum state. *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990). In Colorado, the assertion of personal jurisdiction must both: (1) satisfy the requirements of the long-arm statute; and (2) comport with due process. *Id.*; *Doering v. Copper Mountain*, Inc., 259 F.3d 1202, 1209 (10th Cir. 2001); *Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 235 (Colo. 1992). Colorado's long-arm statute subjects a defendant to personal jurisdiction for engaging in — either in person or by an agent — the "commission of a tortious act within this state," or the "transaction of any business within this state." Colo. Rev. Stat. §§ 13–1–124(1)(a)–(b) (2007). To comport with due process, a defendant must have minimum contacts with the forum state such that maintenance of the lawsuit

4

would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Colorado's long-arm statute is a codification of the "minimum contacts" principle required by due process. *See Lichina v. Futura, Inc.*, 260 F. Supp. 252, 255 (D. Colo. 1966). Accordingly, under Colorado law, a court may assert jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment. *See OMI Holdings, Inc.*, 149 F.3d at 1090; *Scheur v. Dist. Ct.*, 684 P.2d 249 (Colo. 1984).

## 2. *Evaluation of Claims*

Defendants asserts they are not subject to this court's personal jurisdiction because the court does not have specific jurisdiction or general jurisdiction over Defendants. (Defs.' Br. at 2–4.) Plaintiff contends that this court may exercise jurisdiction over Defendants based on: (1) diversity between the parties (Pl.'s Resp. at 1–6); (2) Defendants' contacts in the context of their representation of a Colorado domicile and resident (Pl.'s Resp. at 5); or (2) Defendants' contacts with Colorado in the form of a website accessible from a computer in Colorado.[1] (Pl.'s Resp. at 5–6.) The court addresses each purported basis for jurisdiction below.

### a. *Plaintiff's Citizenship and Diversity Between the Parties*

Plaintiff argues extensively that he is a Colorado resident and domiciled in Colorado in an effort to prove diversity of the parties. (Pl.'s Resp. at 1–6.) While Defendants state there is no challenge made to the diversity between the parties, they also state they do not concede that

---

[1]As Plaintiff is *pro se*, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (*citing Haines v. Kerner*, 404 U.S. 519, 520–521 (1972)).

5

Plaintiff is domiciled in Colorado. (Defs.' Reply at 3.) However, Plaintiff apparently confuses Defendants' arguments in support of their minimum contacts analysis for a challenge to diversity. Defendants have not made a motion to dismiss based on lack of diversity of the parties, a federal jurisdictional component. Therefore, the court will not address diversity jurisdiction for purposes of this recommendation.

### b. *Personal Jurisdiction*

#### i. *Minimum Contacts*

To determine whether personal jurisdiction is proper under the Constitution, a court first looks to find minimum contacts with the forum state. *See Int'l Shoe Co.*, 326 U.S. at 316. To establish minimum contacts with the forum state, it is "essential . . . that there be some act by which the defendant[s] purposefully avail[] [themselves] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Where defendants have "purposely directed" their activities at residents of the forum state, they have had "fair warning" that a particular activity may subject them to the jurisdiction of a foreign sovereign. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). "The purposeful availment requirement also assures that a defendant will not be subject to the laws of a jurisdiction 'solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person.'" *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, No. 06-1157, 2008 WL 217722, at *3 (10th Cir. Jan. 18, 2008) (*quoting Bennally v. Amon Carter Museum of W. Art*, 858 F.2d 618, 625 (10th Cir. 1988)).

The minium contacts standard can be met in two ways. *Id.* A court may either assert specific jurisdiction over a nonresident defendant if the defendant has "purposefully directed" his activities at residents of the forum and the litigation results from the alleged injuries that arise out of or relate to those activities, *Burger King Corp.*, 471 U.S. at 472, or, where a court's jurisdiction does not directly arise from a defendant's forum-related activities, the court may maintain general jurisdiction over the defendant based on the defendant's general business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415 (1984).

### a. *Specific Jurisdiction*

A court may assert specific jurisdiction over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *OMI*, 149 F.3d at 1090–91 (*quoting Burger King*, 471 U.S. at 472). If such purposeful availment in the form of minimum contacts is shown, a court must then consider whether the exercise of personal jurisdiction over the defendant offends "traditional notions of fair play and substantial justice." 149 F.3d at 1091 (*quoting Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 113 (1987)).

Here, such purposeful minimum contacts are lacking. Plaintiff does not deny that Plaintiff hired Defendants Book and MBLLP to represent him in a lawsuit involving Plaintiff's employment in the State of New York or that the litigation was commenced and completed in the State of New York. (*See* Defs.' Br. at 1–2, Book. Decl.; Pl.'s Resp.) Plaintiff asserts only that

7

Defendant Book's correspondence with him by telephone, fax, and email while he was in Colorado during the course of representation are contacts with Colorado sufficient for personal jurisdiction. (Pl.'s Resp. at 2.) Plaintiff has not shown, however, that these contacts were initiated by Defendants as opposed to Plaintiff. In addition, telephone calls and other forms of communication are not necessarily sufficient in themselves to establish minimum contacts. *See Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1076–77 (10th Cir. 1995) (ten to twenty scattered contacts alleged in negotiating a contract were insufficient to establish minimum contacts); *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1418 (existence of letters or telephone calls to forum state related to the plaintiff's action will not necessarily meet due process standards). Plaintiff must be able to show that the nature of these contacts are such that they represent an effort by Defendants to "purposefully avail [themselves] of the privilege of conducting activities within the forum state." *Id.* at 1418–19. Plaintiff has not shown this.

Plaintiff also asserts that the court should exercise personal jurisdiction over Defendants because he was "easily able to access [MBLLP]'s website from a computer in Colorado."[2] (Pl.'s Resp. at 6.) Plaintiff, in his response to the motion to dismiss, did not specify when he accessed Defendants' website or for what purpose. However, Defendant Book states in his unrefuted Declaration attached to Defendants' Supplemental Reply that MBLLP began developing a website in November 2004. (Defs.' Supplemental Reply, Ex. A, Decl. of Chaim B. Book ¶ 4.) The website existed only in a developmental state until February 2007. *Id.* The website was not

---

[2]Plaintiff asserts this claim in his argument for the application of general jurisdiction. The court feels this analysis more properly fits into the application of specific jurisdiction.

publicized or listed on MBLLP's letterhead or business cards until it was completed in February 2007. *Id.* Clients were not informed of the existence of the website until February 2007. *Id.* The allegations in this case occurred in 2000, well before Defendants' website was even in the developmental stage. Therefore, Plaintiff's access to the website will not be considered by the court in determining whether personal jurisdiction exists. In addition, a passive website, does not provide sufficient minimum contacts to support personal jurisdiction. *Nestle Prepared Foods Co. v. Pocket Foods Corp.*, 2007 WL 1058550, at *4 (D. Colo. Apr. 5, 2007).

### b.     *General Jurisdiction*

General jurisdiction may exist in the absence of specific jurisdiction. "[B]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." 149 F.3d at 1091 (internal quotation marks omitted). Here, the contacts are the same as those evaluated for specific jurisdiction — telephone, fax, and email correspondence between Plaintiff and Defendants. Such contacts, as determined above, are not examples of purposeful availment of the privilege of conducting activities in Colorado. *See Hanson*, 357 U.S. at 253. Defendants cannot be said to have invoked the benefits and protections of Colorado's laws, where there is no allegation that the contacts all arose from the unilateral activity of Defendants. *See also Burger King*, 471 U.S. at 474–75.

Based on the foregoing, this court lacks any basis to assert personal jurisdiction over Defendants. It is, therefore, unnecessary for the court to consider whether the exercise of

personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice.

### 3. *Plaintiff's Request for Transfer*

Plaintiff has requested, in the alternative to his case being dismissed, that the court "reassign the case to a U.S. District Court of proper jurisdiction as deemed appropriate." (Pl.'s Resp. at 1.) Defendants oppose Plaintiff's request for a transfer. (Defs.' Reply at 7-8.) 28 U.S.C. § 1406 (2007) states that if a case is filed in the wrong district, the court shall dismiss or, if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Without addressing whether Plaintiff improperly moved for a venue transfer in a responsive pleading in violation of D.C.COLO.LCivR.7.1C, venue was improperly laid by Plaintiff at the inception of this action. Moreover, transfer would only be proper if the original action was filed in good faith rather than filed after "plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir. 1996). As stated above, Colorado is the wrong venue in this case, since this court may not exercise personal jurisdiction. Accordingly, this court finds Plaintiff's request to transfer rather than dismiss improper.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendant Chaim Book's Motion to Dismiss" (#10, filed June 22, 2007) be GRANTED and that Plaintiff's Complaint be dismissed without prejudice for lack of personal jurisdiction over Defendants.

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United*

*States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of February, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge